UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAYITO GUZMAN,

    Petitioner,

v.

R.J. RACKLEY, Warden,

    Respondent.

No. C 12-4196 WHA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY**

## INTRODUCTION

Petitioner, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted based upon petitioner's claims that the trial court failed to instruct the jury on lesser included offenses and that trial counsel was ineffective. Respondent has filed an answer and a memorandum of points and authorities in support of it. Petitioner has filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

**I.  PROCEDURAL BACKGROUND**

In 2011, a Santa Clara County jury convicted petitioner of second-degree robbery, and his sentence was enhanced based on two prior convictions. The trial court sentenced petitioner to eleven years in state prison. On direct review, the California Court of Appeal struck the trial court's order for petitioner to pay $350 in attorney's fees but otherwise affirmed the conviction and sentence (Exh. 6). The California Supreme Court denied a petition for review (Exh. 8).

## II. FACTUAL BACKGROUND

Two brothers, Edward and Dennis Tan,[1] were in the habit of driving to the Bank of America at Alum Rock Avenue in San Jose twice a week at around 10 a.m. to withdraw money for their employer (Exh. 6 at 2). On November 10, 2008, while Edward waited in the car, Dennis went into the bank, withdrew approximately $17,000 in cash, put it into a green shoulder bag and left the bank (*id.*). As Dennis was crossing the bank's parking lot, someone approached him from behind and hit him in the back of the neck (*id.*). As Dennis fell to his knees, the bag of money fell to the ground and Dennis saw someone try to pick up the bag (*id.*). Dennis jumped up, caught the person and called to his brother for help (*id.*). Dennis and Edward held down the person until the police arrived (*id.* at 2-3). Before the police arrived, a van pulled up, the driver got out and asked if Dennis and Edward needed help but, instead of helping, he took the money bag, put it inside the van and drove away (*id.* at 3). Petitioner was the person the brothers were holding down (*id.*).

Police Officer Wilson Yeung arrived at the scene and, in his report, described petitioner as a transient with an appearance that was unkempt, dirty and smelly (*id.*). When police officers searched petitioner, they found a screwdriver, a pocket knife and two pairs of gloves (*id.*).

At approximately 10 p.m. on November 10, 2008, police found the van that was involved in the robbery (*id.*). The van had stolen plates and was completely burned (*id.*).

Petitioner testified in his own defense (*id.*). He stated that the day before his arrest he had been working for a rug seller at a flea market, taking down a tent and displays (*id.*). He had two pairs of gloves, a pocket knife and a screwdriver to disassemble tents at the flea market (*id.* at 4). On November 10, 2008, while he was waiting at a bus stop at Alum Rock Avenue, a stranger approached him and asked him if he wanted to make $50 for pushing a man that was then walking into the bank (*id.*). Petitioner said the stranger would not pay him the $50 before he pushed the man, but he assured petitioner that he would be paid afterward (*id.*). Petitioner denied knowing the stranger, describing him only as Asian, possibly Vietnamese, and wearing a denim hat and possibly khaki-colored pants (*id.*).

---

[1] To avoid confusion, Dennis Tan and Edward Tan will be referred to by their first names.

2

Petitioner agreed to push the man as he came out of the bank (*id.*). Petitioner testified that, when he was pinned down by Dennis and Edward, he was confused and did not understand what was happening (*id.*). He expected to see the stranger and to receive the $50 (*id.* at 4-5). He testified that he did not reach for the money bag and only saw some money on the ground after the police arrived (*id.* at 5). Petitioner stated that he never saw the stranger after he left the bus stop, he never received any money and he was not part of any plan to rob Dennis (*id.*). He testified that his only involvement in the incident was in pushing Dennis (*id.*).

On cross-examination, petitioner admitted that he had been convicted of felony assault with a deadly weapon, that he knew the consequences of pushing a person with force and was "stupid" for so (*id.*).

## ANALYSIS

### I.  STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller El v. Cockrell*, 537 U.S. 322, 340 (2003). Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Id.*; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion from the state courts. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). The last reasoned state court decision on petitioner's claims is the decision by the California Court of Appeal on direct review (Exh. 6).

3

## II.  ISSUES PRESENTED

### A.  LESSER INCLUDED OFFENSE INSTRUCTION

Petitioner claims that the Court of Appeal unreasonably concluded that the trial court had no duty to instruct on assault and battery as lesser included offenses of robbery. Respondent argues that this claim is not exhausted. It is unnecessary to consider whether this claim is exhausted because, as discussed below, it is denied on the merits. *See* 28 U.S.C. 2254(b)(2); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) ( (holding that an unexhausted petition may be denied on the merits when it is perfectly clear that the applicant does not raise even a colorable federal claim).

The failure of a state trial court to instruct the jury on a lesser-included offense in a non-capital case does not present a federal constitutional claim. *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000); *Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir. 1998). In other words, federal law does not require that a jury in a non-capital case receive instructions on any lesser-included offense. On this ground alone, petitioner is not entitled to habeas relief on this claim.

The claim also fails because, on habeas review, a state court's interpretation of state law is binding on a federal court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (*per curiam*); *Menendez v. Terhune*, 422 F.3d 1012, 1029 (9th Cir. 2005). The Court of Appeal determined that assault and battery are not lesser included offenses of robbery and that, even it they were, the evidence in petitioner's case did not support assault or battery instructions (Exh. 6 at 6-8). Even if the Court of Appeal's determination was in error, it could not form the basis for federal habeas relief.

Therefore, petitioner's claim regarding a lesser included offense instruction is denied because it does not even raise a colorable claim for relief.

### B.  INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims his defense counsel rendered ineffective assistance by failing to request a limiting instruction pertaining to his prior conviction and by failing to object to the prosecutor's closing argument regarding the prior conviction.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient, and, (2) that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors,

4

the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Under the first *Strickland* prong, a habeas petitioner must show that defense counsel's performance fell below an "objective standard of reasonableness" under prevailing professional norms, *id.* at 687–68, "not whether it deviated from best practices or most common custom," *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (citing *Strickland*, 466 U.S. at 650). "A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance." *Id.* at 787 (quoting *Strickland*, 466 U.S. at 689). As for the prejudice prong, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* On habeas review, a state court's determination of no prejudice can be disturbed only if that determination was objectively unreasonable. *Woodford v. Visciotti*, 537 U.S. 19, 26-27 (2002).

> The Court of Appeal summarized the facts pertaining to this claim as follows:
>
> In limine, the trial court ruled that evidence of appellant's prior conviction for assault with a deadly weapon could be used for the limited purpose of impeachment if appellant testified.
>
> Appellant admitted on direct examination that he had a "run-in with the law" in 1997 for assault with a deadly weapon. As noted, on cross-examination appellant admitted that he had been convicted of felony assault with a deadly weapon and testified that he knew the consequences of pushing a person with force and he was "stupid" for having done so.
>
> Appellant contends that during argument to the jury, the prosecutor used the evidence of his prior conviction not to impeach his credibility, but as evidence of his propensity to commit the charged crime.
>
> Appellant takes issue with the following, which occurred during the prosecutor's opening argument to the jury: "Also, we talked about in jury selection the defendant having a criminal past. And some of you said, 'A clean slate.' It didn't matter to you. Well, there is a jury instruction that says you can consider the prior felony. And it's not because once a felon, always a felon. But it's something you can look into their character. And what was the defendant's prior felony for? Assault with a deadly weapon. He knows better than anyone that using physical violence upon a person leads you into major trouble. So are you to believe that this man is just sitting on a bus stop minding his own business and willing to give up everything for $50? Ladies and gentlemen, that is ridiculous. There is no way that a man with that knowledge is willing to give it all up for 50 bucks."
>
> Appellant seizes upon this argument to contend that trial counsel was ineffective in failing to request a specific limiting instruction and to object to this argument as prosecutorial misconduct.
>
> Appellant concedes that the court instructed the jury with CALCRIM No. 303, which informed them that "certain evidence was admitted for a limited purpose" and they could "consider that evidence only for . . . that purpose and no other." However, appellant points out—correctly—that the jury was never informed which evidence was admitted for a limited

5

purpose or for what that limited purpose was to be.

Exh. 6 at 9-10.

The Court of Appeal found that counsel's assistance may have been ineffective because he did not request a limiting instruction such as CALCRIM No. 316[2] or object to the prosecutor's suggestion that the jury could consider the prior felony conviction as character evidence, which was an incorrect statement of the law (Exh 6 at 12). Nevertheless, the Court of Appeal denied the claim because it found that petitioner suffered no prejudice from either the lack of a limiting instruction or the prosecutor's argument (*id.* at 12-13).

Based on the evidence in the state court proceeding, the Court of Appeal's determination of no prejudice was not objectively unreasonable.   *See Woodford*, 537 U.S. at 26-27. At trial, petitioner admitted that he pushed Dennis after he walked out of the bank with a green shoulder bag of cash (Reporter's Transcript ("RT") 239-40). Dennis testified that petitioner reached for the bag after knocking him down (RT 92). Substantial evidence supported the conclusion that the robbery was planned. For instance, Dennis and Edward routinely withdrew a large sum of cash from the same bank at the same time each week, the van used in the robbery was stolen, and the van was completely burned after the robbery so that the police could not collect any evidence from it (RT 86; 192-96; 198). And, as reasonably found by the Court of Appeal, petitioner's testimony that he did not know he was involved in a robbery was not credible because: (1) petitioner pushed a man who just walked out of a bank with a bag of money (Exh. 6 at 13); (2) petitioner had no identification on him when he was arrested, but he had two pairs of gloves, a knife and a screwdriver (RT 217-20; 231-32); and (3) petitioner only superficially described the man who asked him to push Dennis, even though he and the man sat together for several minutes on a bench at the bus stop waiting for Dennis to come out of the bank (RT 254-55). In other words, the prosecutor's case against petitioner was strong so

---

[2] CALCRIM No. 316 provides, "If you find that a witness has been convicted of a felony, you may consider that fact [only] in evaluating the credibility of the witness's testimony. The fact of a conviction does not necessarily destroy or impair a witness's credibility. It is up to you to decide the weight of that fact and whether that fact makes the witness less believable."

that, even if a limiting instruction about petitioner's prior conviction had been given or counsel had objected to the prosecutor's statement regarding the prior conviction, there was no reasonable probability that the jury's verdict would have been different.

The state court's rejection of this claim was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

A certificate of appealability will not issue because reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the United States Court of Appeals.

The clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

Dated: October  28 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE